### KOHORST, Admr. v HOFSTETTER et

Ohio Appeals, 3rd Dist, Putnam Co
No. 262. Decided May 20, 1931

Leasure & Eastman, Ottawa, for Kohorst, Admr.

Unverferth & Unverferth, and H. M. Summers, Ottawa, for Hofstetter et.

BY THE COURT.

By the plain language of the will the testatrix unquestionably intended all of her surviving children to share equally in the money bequeathed in Item 3. Louis is one of the surviving children. Hence, he is not only entitled to receive the $100.00 specifically bequeathed to him but also is entitled to share equally with the other surviving children in the money disposed of in Item 3.

It further appears that Edna Rose is a granddaughter of the testatrix. Is she, as such, entitled to share in the money referred to in Item 3 of the will? This is the other question presented.

The phrase "my surviving children" means the children of the testatrix living at the time of her death. Obviously, a grandchild does not come in this class. §10581, GC. 19 Oh St 30.

If Anna Hofstetter, mother of Edna Rose, died after the death of the testatrix, then Edna Rose, of course, will take the share which her mother as a surviving child would have taken, but otherwise, Edna Rose is not entitled to participate in the distribution of the money aforesaid. Decree accordingly.

JUSTICE, PJ, CROW and KLINGER, JJ, concur.